KLEES, Judge.
Appellant-Plaintiff Frank Ahern filed suit for damages seeking recovery from Andrew J. Leslie, his wife, son and two of Leslie’s employees, Lionel Pollard and Freeman Brown, for assault, false imprisonment and mental pain.
After a trial on the merits, the trial judge without written reasons awarded plaintiff $1,850.00 damages from which he has appealed. Appellant contends that the trial court erred in dismissing defendants Harry Leslie, Gloria Weicks Leslie, in their individual capacity, and Lionel Pollard and Freeman Brown from the suit and seeks an increase in damages.
We find no error in the Trial Court’s findings and affirm.
The evidence in this case indicates that defendant Andrew J. Leslie was the owner of the Leslie’s Shell Service Station in New Orleans. Plaintiff Frank Ahern was an old family friend who worked as a night manager at the station on the three to ten p. m. shift. Additionally, Ahern and Leslie were living in an apartment belonging to Leslie.
On April 16, 1977, Andrew J. Leslie was hospitalized for a heart condition. During a visit to him on that date and on previous visits Mrs. Leslie related that money was missing from the three to ten p. m. shift. Andrew J. Leslie obtained a pass from the hospital and accompanied by his wife proceeded to the apartment. Upon their arrival they entered the apartment which was unlocked and unoccupied. Andrew J. Leslie then directed his wife to look for some keys and during the search discovered $1,600.00 worth of traveler’s checks belonging to plaintiff Ahern. She turned them over to her husband. Upon Ahern’s return to the apartment from swimming he was confronted by Andrew J. Leslie who insisted that the money belonged to his business and the men began arguing. During the course of the argument, Lionel Pollard, an employee of Leslie’s and a defendant in the lawsuit appeared at the apartment. As he arrived Mrs. Leslie departed.
Shortly thereafter, Harry Leslie, Andrew J. Leslie’s son and Freeman Brown, another employee of Leslie’s, both of whom were also named as defendants appeared at the apartment.
At this time Ahern left the apartment and went to an adjacent apartment and called the police and then returned. The argument about the travelers checks and missing money continued for approximately one hour between Andrew J. Leslie and Ahern and consisted of various threats. Testimony was also elicited with respect to guns belonging to the two men displayed on a table, but not used in a threatening manner. All this culminated when Andrew J. Leslie took a heavy glass, or can of soup and threw it at Ahern striking him in the head and causing him to bleed. Ahern at this point, stopped resisting and arguing and endorsed $1,000.00 worth of the traveler’s checks to Andrew J. Leslie. He resisted signing any more checks and Andrew J. *1268 Leslie stated he had signed enough. Ahern then took a shower, dressed and left the apartment. He then proceeded to the police and lodged a complaint. Defendants were arrested and the traveler checks were recovered.
All defendants except Andrew J. Leslie who died shortly after his incident denied arguing with Ahern or participating in any assault on him.
In the present case there are not facts other than those propounded by the plaintiff which indicate that any conspiracy existed or that the other defendants tacitly assisted or encouraged Andrew J. Leslie to commit an assault and battery on the plaintiff. The facts, as believed by the trial court and supported by the evidence, merely indicate that they were present when Andrew Leslie and the plaintiff-appellant were having a heated oral argument and Andrew Leslie, apparently losing his temper, committed an assault and battery on the plaintiff-appellant.
As stated earlier, the resolution of the question whether the other defendants caused, assisted or encouraged Andrew J. Leslie, involves a credibility determination of their involvement. The trial judge obviously believed the testimony of the defendants over that of the plaintiff-appellant and since the record supports the trial judges determination there exists no manifest error. Canter v. Koehring Company, 283 So.2d 716 (La.1978).
The plaintiff-appellant also contends that the damages awarded were inadequate. Coco v. Winston Industries, 341 So.2d 332 (La.1976) indicated that the approach to take when considering whether an award was inadequate or excessive is to look to the particular facts as applied to the particular plaintiff rather than trying to match injuries and prior awards.
This court can see no reason to believe that an award of $1,850.00 is inadequate. When the episode first began Ahern left the apartment to call the police, but then voluntarily returned and continued to argue with Andrew J. Leslie with the other men present. It would seem more likely than not that someone in fear of his life or safety would have avoided the defendants until the police arrived.
During the trial Ahern continuously stated that he was in deep fear of a gun which was pointed at him, but when making a statement to the police after the incident stated that the gun was not a factor and was not pointed at him. At the conclusion of the altercation, after being struck by an object, Ahern still took time to shower, shave, and change into a suit. Finally, no medical evidence was presented at trial to show the extent of Ahern’s injuries and the court must conclude that they were superficial and minor.
For the foregoing reasons, the judgment in favor of plaintiff Frank Ahern and against the defendants, Gloria Agnes Weicks Leslie, as widow in community, and Harry Leslie as an heir of the Succession of Andrew J. Leslie jointly, severally and in solido in the full sum of $1,850.00 is affirmed. The plaintiff-appellant is to pay the costs of this appeal.

AFFIRMED.